FILED \_\_\_\_\_ LODGED
\_\_\_\_\_ RECEIVED

SEP 27 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

04-CV-02030-CMP    Plus attachments

Issued # 511848

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LETAM POT, LLC

                *Plaintiff's*

vs.

THE DANIELSON COMPANY, a
Washington Corporation, and YUAN
HUANG (Hong Kong Company Ltd.),
believed to be a Foreign Corporation.

                Defendants.

No. C04 2030 RSM

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LeTam Pot, LLC, for its Complaint against The Danielson Company, Inc. and Yuan Huang (Hong Kong Company Ltd.) alleges the following:

**JURISDICTION AND VENUE**

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including § 271. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

ORIGINAL

Complaint for Patent Infringement
Page 1 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

2. The Court has personal jurisdiction over Defendant Danielson Company and Defendant Yuan Huang because a substantial part of the events giving rise to this action for patent infringement occurred in this judicial district, and the distributor who directed and controlled the infringing machinery that is the subject of this action for patent infringement is situated in this judicial district.

## THE PARTIES

3. Plaintiff LeTam Pot Company, LLC is a Limited Liability Company organized and existing under the laws of the State of Washington and its principal place of business is located at 5423 South Stevens Street, Tacoma, WA 98049. LeTam Pot Company currently holds the patent for the LeTam Crab Trap, or Spring Door Crab Pot, United States Patent No. 6,550,180B1 (the '180 Patent). Tam Kien Le is the sole member and manager of LeTam Pot Company, LLC.

4. Yuan Huang ("Hong Kong Company Ltd.") is a corporation organized and existing under the laws of China having its headquarters and principal place of business at Unit F, 15th Floor, 338 Hennessy Road, Wanchai Hong Kong. Yuan Huang manufactures and sells items and equipment for fishing and marine use in the United States and elsewhere.

5. The Danielson Company ("Danielson") is affiliated with Yuan Huang as a distributor for Yuan Huang. Danielson is a corporation organized and existing under the laws of Washington State having its headquarters and principal place of business at 4510 B Street NW, Auburn, WA 98001. Danielson manufactures and sells marine equipment, including equipment built by Yuan Huang, for use in the United States and elsewhere.

Complaint for Patent Infringement
Page 2 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

## FACTS

6. On December 20, 1997, Tam Kien Le submitted a patent application for a Spring Door Crab Pot.

7. On April 22, 2003, United States Patent No. 6,550,180B1 (the '180 Patent) for an invention entitled "Spring Door Crab Pot" was duly and legally issued by the United States Patent and Trademark Office to Tam Kien Le, who subsequently assigned the patent rights to Plaintiff. A true and correct copy of the '180 Patent is attached hereto as Exhibit A and incorporated herein by reference.

8. At all times since the issue date, Tam Kien Le and Plaintiff LeTam Pot Company, LLC (hereinafter collectively referred to as "Le Tam") are and have been the sole owners of all right, title and interest to the '180 Patent, including full rights to recover full rights to recover past and future damages thereunder.

9. After applying for a patent, Le Tam approached Danielson in late 1999 to negotiate a marketing and licensing agreement for the crab pot of the '180 Patent. Tam Kien Le had also developed some improvements to the crab pot of the '180 Patent. Le Tam and Danielson entered into a nondisclosure agreement to allow Danielson to evaluate the crab pot of the '180 Patent and the improvements. A copy of this agreement is attached hereto as Exhibit B and incorporated herein by reference.

10. Danielson knew that Le Tam had applied for a patent on the crab pot.

11. Danielson engaged in discussions with Yuan Huang to engage Yuan Huang to manufacture the crab trap and import it into the United States.

Complaint for Patent Infringement
Page 3 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

12. In April 2001 Danielson performed market analysis to determine the price at which the crab trap could feasibly be manufactured, imported, and sold. Danielson and Le Tam were engaged in negotiations at the time for a long-term licensing agreement. Copies of correspondence between the parties is attached hereto as Exhibit C and incorporated herein by reference.

13. Le Tam and Danielson entered into a license agreement in September 2001 to allow Danielson to manufacture and sell 200 crab traps. Danielson ordered 200 traps from Yuan Huang. A copy of the license agreement is attached hereto as Exhibit D and incorporated herein by reference. A copy of the invoice from Yuan Huang is attached hereto as Exhibit E and incorporated herein by reference.

14. Danielson determined that it did not wish to continue marketing the crab traps under license from Le Tam and no negotiations involving Le Tam terminated.

15. On February 20, 2004, after issuance of the patent, Plaintiff's counsel sent a letter to Danielson informing it that no licensing agreement existed between Danielson and Le Tam at that time and that Danielson should therefore not be manufacturing or selling the crab trap. A copy of this letter is attached hereto as Exhibit F and incorporated herein by reference.

16. Danielson responded in March 2004, claiming that approximately 100 crab traps produced under the 2001 license agreement for 200 traps entered the market and that all remaining crab traps were destroyed. Danielson further claimed that it was not presently marketing the trap. A copy of this letter is attached hereto as Exhibit G and incorporated herein by reference.

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

17. On January 27, 2004, a crab trap manufactured by Danielson was purchased from Seattle Marine & Fishing Supply Co. A copy of the invoice from this transaction has been attached as Exhibit H and incorporated herein by this reference.

18. On May 29, 2004, a crab trap manufactured and distributed by Danielson was purchased from Sportco. A copy of the receipt, pictures of the trap purchased, and the tag from the trap have been attached as Exhibit I and incorporated herein by this reference.

### FIRST CAUSE OF ACTION
### (Patent Infringement)

19. Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

20. Yuan Huang and Danielson have been on notice of the existence of the '180 Patent no later than April of 2003.

21. Yuan Huang and Danielson have engaged in the sale, manufacture, and importation of the Danielson Tam Crab Trap in the United States after issuance of the '180 Patent and without a valid license.

22. The Danielson Tam Crab Trap infringes the '180 Patent either literally or under the doctrine of equivalents.

23. Upon information and belief, Yuan Huang and Danielson, jointly and severally, have infringed and continue to infringe the '180 Patent by making, using, selling, and offering to sell (directly or through intermediaries), and importing, in this District and elsewhere in the United States, crab traps that use or embody the patented invention.

Complaint for Patent Infringement
Page 5 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

Upon information and belief, Yuan Huang and Danielson have also contributed to the infringement of the '180 Patent, and/or actively induced others to infringe the '180 Patent in this District and elsewhere in the United States.

24. Le Tam is entitled to recover from Defendants the damages sustained by Le Tam as a result of Defendants' wrongful acts in an amount subject to proof at trial.

25. Defemdamts have been on notice of their infringement of the '180 Patent.

26. The past, present, and threatened continued infringement of the '180 Patent by Yuan Huang and Danielson has been and will continue to be willful and deliberate, entitling Le Tam to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in bringing this action under 35 U.S.C. §285.

27. Le Tam has been and continues to be irreparably damaged by this infringement, for which there is no adequate remedy at law.

28. Yuan Huang and Danielson will continue to infringe unless and until restrained therefrom by this Court.

## SECOND CAUSE OF ACTION
### (Trademark Infringement)

29. Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

30. In negotiations with Danielson and Yuan Huang prior to issuance of the patent, Le Tam referred to the crab trap as the "Tam Crab Trap" or the "Tam Le Crab Trap."

31. Le Tam acquired common law trademark rights in the trademark "Tam Le Crab Trap" and "Tam Crab Trap."

Complaint for Patent Infringement
Page 6 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

32. Defendants have been marketing a crab trap under the name "Danielson Tam Crab Trap."

33. Defendants' use of the name "Danielson Tam Crab Trap" infringes upon Le Tam's common law trademark rights.

34. Le Tam has suffered damage as a direct result of this infringement.

## THIRD CAUSE OF ACTION
### (Violation of the Washington Consumer Protection Act)

35. Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

36. The past, present, and threatened continued infringement of the '180 Patent by Defendants is a violation of RCW 19.86, the Washington Consumer Protection Act.

## FOURTH CAUSE OF ACTION
### (Fraud and Misrepresentation)

37. Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

38. Defendants have intentionally, negligently, or recklessly made false and/or misleading statements of material fact regarding their infringing activities. Defendants intended to induce Plaintiff to rely upon these statements, which Defendants knew to be false and/or misleading.

39. Plaintiff has justifiably relied on Defendants' statements regarding their infringing activities to its detriment.

40. Plaintiff is entitled to damages resulting from Defendants' fraud and negligent misrepresentation.

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

41. Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

42. Defendants' actions constitute a breach of the licensing agreement between Plaintiff and Defendants, and Plaintiff is entitled to damages for breach.

## SIXTH CAUSE OF ACTION
### (Misappropriation of Plaintiff's Name)

43. Plaintiff realleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

44. Defendants have used the name "Danielson Tam Crab Trap" in a commercial context.

45. Defendants' use of Plaintiff's name in a commercial context constitutes misappropriation of Plaintiff's name without authorization.

**WHEREFORE**, Le Tam prays for:

A. A decree that the '180 Patent is valid and enforceable;

B. A decree that Le Tam is the owner of the '180 Patent with full rights of recovery thereunder;

C. A decree that Yuan Huang and Danielson have infringed and will, unless enjoined, continue to infringe the claims of the '180 Patent;

D. A decree that the infringement of the '180 Patent by Yuan Huang and Danielson has been willful;

E. A decree that the infringement has been a violation of RCW 19.86, the Consumer Protection Act;

Complaint for Patent Infringement
Page 8 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300

F. An award of actual damages adequate to compensate Le Tam for Defendants' acts of patent infringement, including an award of lost profits to be proven at trial, together with prejudgment interest;

G. An award to Le Tam of enhanced damages, up to and including trebling of Le Tam's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

H. An award to Le Tam of treble damages pursuant to RCW 19.86;

I. An award of damages for Defendants' other tortious acts.

J. An award to Le Tam of costs of suit and reasonable attorney fees pursuant to 35 U.S.C. § 285 and/or RCW 19.86;

K. A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Yuan Huang and Danielson, and their officers, directors, employees, agents, successors, assignees, and all persons in active concert or participation with any of the foregoing, including dealers and distributors, from further acts of infringement, contributory infringement, and active inducement to infringe with respect to the claims of the '180 Patent.

L. An award of such other and further relief as the quorum deems proper and just.

DATED this 27th day of September, 2004.

DICKSON MAHER INGELS LLP

*[signature]*

CASEY R. INGELS, WSBA No. 32981
JASON M. WONG, WSBA No. 34160
Attorneys for Plaintiff

Complaint for Patent Infringement
Page 9 of 9
LeTam Pot, LLC - 4102

DICKSON MAHER INGELS LLP
1401 WELLS FARGO PLAZA
1201 PACIFIC AVENUE, SUITE 1401
TACOMA, WASHINGTON 98401
(253) 572-1000 - FACSIMILE (253) 572-1300